

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JORGE ONTIVEROS-HERNANDEZ,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  20CR246-WQH<br><br>**ORDER DENYING CONTESTED MOTION FOR RELEASE ON CONDITIONS POST-PLEA BASED ON EXCEPTIONAL REASONS** |

On May 19, 2020, the Defendant Jorge Ontiveros-Hernandez (hereinafter "Defendant") filed a Motion with regard to reconsidering Defendant's Detention Order [ECF No. 25.]  On May 20, 2020, the United States (hereinafter "the Government") filed its opposition [ECF No. 26.]

<u>Background</u>

After a hearing on December 20, 2019, the Court granted the Government's motion to detain Defendant.  The Court found by a preponderance of the evidence that Defendant presented a serious risk of flight. Based on this finding, the Court determined that no condition or combination of conditions of release would reasonably assure

Defendant's appearance in court as required. The Court found that the following factors supported an order of detention: the weight of evidence (although the least important factor), no family or community ties to San Diego or California, Defendant has not spent significant time in this district, and that if released, Defendant faces removal proceedings by the Bureau of Immigration and Customs Enforcement, placing him beyond the jurisdiction of this Court. [ECF No. 7.]

Defendant now seeks reconsideration of the Court's Order of Detention and requests that the Court set release conditions including a $30,000 personal appearance bond secured by the signature of Defendant's sister, who lives in Colorado where Defendant would live if released on bond.

### Defendant's Position

Defendant indicates that he is 58 years old and suffers from diabetes, a condition that will make him significantly more likely to require intensive hospital care and die than the average person if he becomes ill with COVID-19.  Further, Defendant asserts that the COVID-19 pandemic and the risk it poses for someone with Defendant's age and conditions constitute exceptional reasons for release.

### Government's Position

The Government maintains that Defendant is a serious flight risk, as initially found at the Detention Hearing.  The Government indicates that bond is inappropriate because Defendant offers no evidence, much less a preponderance of the evidence, that he is not likely to flee. The Government asserts that none of the § 3142(g) factors have changed since the initial finding of detention.  The Government further argues that Defendant focuses his motion solely on the health risks he faces from potential COVID-19 transmission in custody, his diabetes, and his age.  Finally, the Government indicates that Defendant is being held at the GEO Correctional Facility, a facility that has not had even one diagnosed case of COVID-19.

<u>Pretrial Service Officer's Position</u>

Input from the Pretrial Services Officer was either not sought or not put in the filed motions.

<u>Analysis</u>

18 U.S.C. § 3142(f) provides that the detention hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3145(c) provides that a defendant may appeal an order of detention and bond be set if it is clearly shown that there are exceptional reasons why said individual's detention would not be appropriate.

In this case, Defendant proffers no new evidence to challenge the Court's factual findings in the initial Order of Detention. Rather, Defendant's request for release from custody is based purely on the increased risk of COVID-19 infection in the facility where he is being housed due to his age and diabetes. Although the COVID-19 pandemic was information that did not exist at the time of the initial detention hearing, the fact that Defendant suffers from diabetes is not new information.

The Court notes that none of the 3142(g) factors the Court previously considered have changed. Although the Court is mindful of the serious risks any person faces due to the COVID-19 pandemic, said reason in and of itself is not sufficient to modify the balance of factors prescribed by Congress in determining whether he is properly subject to pretrial detention. See <u>United States v. Villegas</u>, No. 2:19-cr-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020) ("No matter the heightened risks intrinsic to prison populations as a matter of public health, the Court has no authority as a matter of law to permit pretrial

release under the Bail Reform Act just because of the current pandemic's generic risks.)

As such, the Court does not find good cause to modify the previously set order of detention. Therefore, the Court **DENIES** Defendant's request for reconsideration of its Order of Detention.

**IT IS SO ORDERED.**

Dated:  May 21, 2020

MICHAEL S. BERG
U.S. Magistrate Judge